**S & B LUFTRACHT TRANSPORTE GmbH, Plaintiff,**

v.

**AMERICAN CUSTOMS BROKERS, INC., Paul Callery, and John L. Ross, Defendants.**

**Civ. A. No. 88–0248–Mc.**

United States District Court, D. Massachusetts.

May 30, 1990.

Doherty & Melahn, William E. Melahn, Boston, Mass., for plaintiff.

Daniel A. Bancroft, Broderick & Bancroft, Cambridge, Mass., for defendant American Customs Brokers, Inc.

Maurice G. McGuire, Haverhill, Mass., for third-party defendant Paul Callery.

Paul Callery, Newbury, Mass., pro se.

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

McNAUGHT, District Judge.

Plaintiff, Transfair Luftfrachte GmbH, formerly S & B Luftfracht Transporte, GmbH (S & B), is a freight forwarding company engaged in international freight business. Defendant American Customs Brokers, Inc. (American) is a Massachusetts corporation. Defendants Paul Callery (Callery) and John L. Ross (Ross), were, on the dates in question, individually licensed customs brokers, and officers and shareholders of American. Also involved in the matter was American Customs Broker, Limited (ACB), a proprietorship filed on behalf of Paul Callery. In November, 1985, Callery ended his association with both ACB, Ltd. and American. American retained the d/b/a of ACB, Ltd.

During the months of September and October, 1985, S & B issued five freight airway bills to its customer, Esselte Meto, Inc. (Esselte), a United States importer. Prior to that time, S & B had entered into an oral agreement with ACB, Ltd. to clear Esselte's freight and to collect the freight charges owed to S & B. The shipments went through customs and Esselte paid its charges to ACB, Ltd. Paul Callery has admitted, in his deposition, that ACB, Ltd. received the money and that none of it has been remitted to S & B.

This matter comes before the Court on S & B's motion for summary judgment. Plaintiff asserts that defendants are jointly and severally liable as partners. As support for its argument, S & B states that American took over the d/b/a of ACB, Ltd., that Callery and Ross were officers and shareholders in American, that American paid their salaries, and that the money

remitted by Esselte for the five airway bills was paid to ACB, Ltd., which, in turn, channeled all its money to American, thereby rendering defendants liable.

There are several problems with plaintiff's arguments. Firstly, during the time period in question, Ross's license as a customs broker was being "held" by the director of Customs in Boston. Although there is some confusion as to what "holding" a license actually means, all parties agree that Ross was not functioning as a licensed broker during September and October of 1985. Secondly, Ross was an employee of ACB, Ltd. as evidenced by the written agreement entered into between Ross and Callery on July 13, 1983. Callery signed the agreement as president of ACB, Ltd.

This Court cannot determine what responsibilities Ross had during his employment with ACB, Ltd. and what responsibilities Ross undertook with respect to S & B's shipments during the early fall of 1985 as a matter of law.

Another problem has to do with the flow of money between ACB, Ltd. and American. Plaintiff contends that since all monies received by ACB, Ltd. were ultimately channeled to American's general account, American should be liable for the money owed. American counters that argument by stating that although money from ACB, Ltd. was regularly channeled to its own general account, client funds, i.e. the monies paid from Esselte to ACB, Ltd., were always paid out *first* and only the residue was placed into American's account.

Neither party disputes that Callery d/b/a ACB, Ltd. received the money that is owed to S & B. The unresolved question is where did that money go. No one has the answer. American claims that Callery kept the money and S & B contends that the money went into American's general account.

Callery is in default and judgment will be assessed against him in a separate memorandum and order. As to defendants American and Ross, there are far too many unanswered questions for summary judgment to be appropriate. Plaintiff's motion, therefore, is granted as to Callery and denied as to American and Ross.